USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/2025

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

PAA-WILLIE DONKOR,

                              Plaintiff,

              -v.-

UNITED STATES POSTAL SERVICE and UNITED STATES OF AMERICA,

                              Defendants.

24 Civ. 559 (JHR)

ORDER OF DISMISSAL

JENNIFER H. REARDEN, District Judge:

        On May 6, 2024, Defendants moved to dismiss the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. *See* ECF No. 13. As Plaintiff did not file any opposition to the motion, the Court, on February 3, 2025, directed Plaintiff to show cause by February 20, 2025 why Defendants' motion should not be deemed unopposed. ECF No. 16. When Plaintiff did not respond, the Court extended the deadline, *sua sponte* and *nunc pro tunc*, to March 28, 2025. ECF No. 18. The Court warned Plaintiff that failure to show cause "[could] **result in Defendants' motion being granted as unopposed or in dismissal of the case for abandonment or failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.**" ECF No. 16 (emphasis in original). Plaintiff has not filed any opposition.

        Upon review of Defendants' motion papers, the motion is GRANTED and the case is dismissed, both for failure to prosecute pursuant to Rule 41 and substantially for the reasons stated in Defendant's memorandum of law. ECF No. 14. Additionally, while leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Although courts generally should

grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks omitted), the Court declines to do so here *sua sponte* because the problem with Plaintiff's claim "is substantive . . . [and] better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

The Clerk of Court is directed to close the case and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: March 30, 2025
   New York, New York

*Jennifer H. Rearden*
JENNIFER H. REARDEN
United States District Judge
